UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE ANN SABANSKI,

    Plaintiff,

v.                                                Case No. 8:24-cv-844-WFJ-SPF

ULTA SALON, COSMETICS &
FRAGRANCE INC., d/b/a ULTA
BEAUTY,

    Defendant.
_____/

**ORDER**

Before the Court is Plaintiff Sue Ann Sabanski's Motion for Sanctions for Spoliation of Evidence (Doc. 29). Defendant Ulta Salon, Cosmetics & Fragrance Inc. filed a response in opposition to Plaintiff's motion (Doc. 30). For the reasons explained below, Plaintiff's motion is denied without prejudice.

**I.  BACKGROUND**

On December 3, 2022, Plaintiff slipped and fell at an Ulta store located at 2683 Gulf to Bay Boulevard, Clearwater, Florida 33759 (the "Store"). Specifically, while at the salon inside the Store, Plaintiff alleges that she stepped on a sticky substance, which caused the sole of her shoe to stick to the floor, causing her to lose balance and fall (Doc. 31-2 at 55:04–16). The ambulance arrived and transported Plaintiff to the hospital. That same date, three Store employees watched video of Plaintiff's fall that was captured by the Store's video surveillance system (Doc. 29-4 at 46:05–21; Doc. 29-5 at 53:10–15; Doc. 30-3 at 40:20–41:01).

On January 9, 2023, Plaintiff, through counsel, sent a letter of representation to the Store stating that counsel had been retained to represent Plaintiff in connection with the slip

and fall that occurred at the Store (Doc. 29-1 at 1–2). The letter also included the following language:

> Furthermore, we hereby serve this formal notice and demand that <u>all forms of evidence</u> including, but not limited to: photographs, reports, maintenance logs, witness statements, and electronic data pertaining to and/or obtained during the above referenced client's incident be preserved and retained until further written notice of the undersigned; or upon order of a court of competent jurisdiction. Such evidence includes, but is not limited to, **video/digital recordings of the actual incident, the area where the incident occurred <u>for the entire date of loss</u>, as well as any maintenance/inspection logs for the entire date of loss.** The purpose of this notice and demand is to ensure all relevant evidence and/or electronic data is identified and not inadvertently altered, deleted, or otherwise modified. Thus, your failure to preserve and retain all pertinent evidence/electronic data may, under the circumstances, constitute spoliation of evidence. <u>Please note that we will pursue all avenues of recourse for failure to preserve this vital evidence including requesting adverse instructions and inferences for failure to maintain this evidence</u>.

(*Id.* at 1 (emphases in original)). The Store received Plaintiff's letter on January 12, 2023 (Doc. 29-2 at 2). Plaintiff then sent a second, identical letter that the Store received on March 24, 2023 (Doc. 29-1 at 3–4; Doc. 29-2 at 4). Plaintiff then sent a third letter to Defendant's headquarters that Defendant received on May 20, 2023 (Doc. 29-1 at 5–6; Doc. 29-2 at 5).

Plaintiff later sued Defendant for negligence in state court, and Defendant removed the action to this Court on April 4, 2024 (Doc. 1). During the course of discovery, it was revealed that video capturing Plaintiff's fall existed at one point but was not preserved. Surveillance cameras at the Store record video until the storage capacity is filled, at which point the camera overwrites previously stored footage (Doc. 29-3 at 28:06–25). It is unclear what steps—if any—Defendant took to preserve the video or even determine whether it was still available, but it is undisputed that the video no longer exists and cannot be restored or replaced.

## II. LEGAL STANDARD

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "[F]ederal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). If a failure to preserve electronically stored information is at issue, Federal Rule of Civil Procedure 37(e) controls. *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 20-82102-CIV, 2021 WL 3111191, at *5 n.2 (S.D. Fla. July 22, 2021). If a failure to preserve tangible evidence is at issue, Eleventh Circuit common law controls. *Id.* at *6.

> Rule 37(e) provides that:
>
> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>     (A) presume that the lost information was unfavorable to the party;
>
>     (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>     (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

### III. ANALYSIS

A surveillance video constitutes electronically stored information. *See Sosa v. Carnival Corp.*, No. 18-20957-CIV, 2018 WL 6335178, at *10–14 (S.D. Fla. Dec. 4, 2018) (discussing various courts' findings that conclude that video surveillance footage constitutes electronically stored information for the purposes of Rule 37(e)). It follows that Rule 37(e) guides the Court's spoliation analysis.

#### a. Preliminary Spoliation Questions

"When confronted with a spoliation claim [involving ESI], the Court must first make some preliminary determinations under Rule 37(e) before turning to subsections (e)(1) or (e)(2)." *Living Color Enters., Inc. v. New Era Aquaculture, Ltd.*, No. 14-62216, 2016 WL 1105297, at *4 (S.D. Fla. Mar. 22, 2016). First, the Court must address whether the allegedly spoliated ESI should have been preserved. *Id.* Second, the Court must inquire as to whether the allegedly spoliated ESI was lost because Defendant failed to take reasonable steps to preserve it. *Id.* at *5. And finally, third, the Court must examine whether the allegedly spoliated ESI cannot be restored or replaced through additional discovery. *Id.* If the answer to any of these three inquiries is "no," then the Court "need proceed no further" in its analysis under Rule 37(e), "and a motion for spoliation sanctions or curative measures must be denied." *Id.* If instead the answer to all three questions is "yes," then the Court must proceed with its analysis of the 37(e)(1) and 37(e)(2) factors. *Id.*

##### i. Whether the ESI Should Have Been Preserved

The first issue to consider is whether the allegedly spoliated video evidence should have been preserved. Fed. R. Civ. P. 37(e). As other courts have explained, "Rule 37(e) does not set forth a standard for preservation and does not alter existing federal law as to whether

evidence should have been preserved or when the duty to preserve attaches." *Living Color*, 2016 WL 1105297, at *4. Accordingly, "the test is whether litigation was pending or reasonably foreseeable when the spoliation occurred." *Id.* (quoting *Graff*, 310 F. App'x at 301). Plaintiff argues that litigation was foreseeable on the date of the incident, and at the very least was foreseeable on January 12, 2023, the date the Store received the first letter of representation from Plaintiff's counsel. Defendant argues that the earliest date litigation could have been foreseeable is January 12, 2023. The Court agrees that the earliest date that litigation was reasonably foreseeable was the date the Store received the letter of representation with the spoliation notice. *See Nguyen v. Costco Wholesale Corp.*, No. 9:19-cv-80393, 2020 WL 413898, at *3 (S.D. Fla. Jan. 27, 2020) ("[M]erely because Plaintiff Chi Nguyen fell at Defendant's store, absent additional facts, does not mean that Defendant reasonably anticipated litigation on the date of the alleged fall."); *Plymale v. Cheddars Casual Café Inc.*, No. 7:20-cv-102, 2022 WL 988313, at *5 (M.D. Ga. Mar. 31, 2022) ("[A]n injury, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.") (quotations omitted). As a result, Defendant's duty to preserve the video attached on January 12, 2023.[1]

---

[1] Many courts have addressed cases in which ESI no longer existed at the time the responding party's duty to preserve the ESI would attach under the first preliminary question and found that the allegedly spoliated evidence need not have been preserved. *See, e.g.*, *Living Color*, 2016 WL 1105297, at *4 ("Rule 37(e) does not apply, therefore, when information or evidence is lost before a duty to preserve attaches."); *Nguyen*, 2020 WL 413898, at *2–3 (where surveillance video that was erased thirty days after incident pursuant to the defendant's regular video retention policy, and the defendant did not reasonably anticipate litigation until it was served with lawsuit two years later, the plaintiff's motion for spoliation sanctions necessarily failed because the duty only attaches if the video actually existed and litigation was pending or reasonably foreseeable). Here, because it is *unclear* whether the video still existed when the duty to preserve attached, the Court opts to address this in the second preliminary question.

5

> ii. <u>Whether the ESI was Lost Because Defendant Failed to Take Reasonable Steps to Preserve It</u>

Next, the Court must determine whether the video was lost because Defendant failed to take reasonable steps to preserve it.  The Court finds that Plaintiff has failed to meet her burden in establishing this requirement.  Steven Smith, Defendant's area loss prevention manager, testified that video from the surveillance system is recorded and kept for an indeterminate amount of time until the storage capacity is filled.  At that time, it is automatically overwritten by newer footage.  Because the system is based on storage space (and not specific periods of time), and is motion-activated, the video is overwritten faster at a busier store than at a slower store (Doc. 29-3 at 28:06–30:05).  Plaintiff relies on the following testimony from Store manager Stacy Faulkner to establish that the video was still available on the date the Store received her spoliation letter:

> Q. Do you whether -- do you know whether or not Ulta Store 531 still has that video?
>
> A. We don't still have it because our video is only saved for a certain amount of time.
>
> Q. And what amount of -- what amount of time is that?
>
> A. I don't know, but I think maybe 90 days or 60 days.  I don't know exactly.

(Doc. 29-4 at 46:18–25).  Thus, Plaintiff argues that, because the Store received the spoliation letter 41 days after the incident, the DVR would not yet have erased the subject video.  But the quoted exchange makes it abundantly clear that Ms. Faulkner *does not know* how long the video is saved on the system and was guessing that it was saved for 60 or 90 days.  Indeed, the following exchange further establishes her lack of knowledge:

6

> Q. So, you know, I'm a 1960s person too, and I grew up everything was videotaped. We call it video, and now really there's no video anymore. It's all digital recording.
>
> So, with regard to the surveillance that was taken at the Ulta Store 531, is that automatically put into some type of system where you can look at it? How is it recorded?
>
> A. It's recorded, and then we can look at it for a certain amount of time. *I just don't know the amount of time that we can look at it.*
>
> Q. I understand that. But the actual process of recording, is that on a tape? Is it in a digital box?
>
> A. It's on a box, a digital box, and let me see what it's called. I don't even know what it is. It's –
>
> Q. That was my next question.
>
> A. --
>
> Q. The device is called, is it a –
>
> A. Echovision.
>
> Q. Echovision. Okay. And you as a store manager, do you have any responsibility for maintaining Echovision or operating the Echovision?
>
> A. *I don't.* The only thing that I do is if it's not working, I notify our loss prevention office. But no, I don't have, like it's not something that we just look at regularly.
>
> We use it mainly for theft, but we don't look at it regularly. So, I – no, *I don't really have any responsibility other than letting loss prevention know that it's not working.*

(*Id.* at 48:06–49:11 (emphases added)).

Thus, while it certainly seems possible that the video still existed on January 12, 2023, it seems just as likely that the video no longer existed. The Court does not find the Store manager's speculation that video is saved for 60 or 90 days to be sufficient evidence that the footage was lost because Defendant failed to take reasonable steps to preserve it—especially

7

considering Ms. Faulkner's representation that she has no responsibility for maintaining or operating the surveillance system. *See Marshall v. Dentfirst, P.C.*, 313 F.R.D. 691, 696 (N.D. Ga. 2016) (declining to award spoliation sanctions where there was no evidence to support that, when the defendant received notice of the plaintiff's claim, the ESI existed, but the defendant failed to preserve it); *Weston v. Buc-ee's Fla., LLC*, No. 6:24-cv-567-PGB-LHP, 2025 WL 507456, at *8 (M.D. Fla. Feb. 14, 2025) (the plaintiff failed to establish surveillance footage was lost because the defendant failed to take reasonable steps to preserve it where it was unclear "whether [the loss] occurred before or after Defendant received the Preservation Letter or whether it occurred pursuant to Defendant's routine practices"); *cf. Tripp v. Walmart, Inc.*, No. 8:21-cv-510-WFJ-SPF, 2023 WL 399764, at *7 (M.D. Fla. Jan. 25, 2023) (finding video footage was lost due to the defendant's failure to take reasonable steps to preserve it and specifically contrasting it to "a situation where an auto-delete software program discarded old emails before anyone could stop it in anticipation of litigation").

Simply put, Plaintiff failed to establish that the video still existed on January 12, 2023, the date Defendant's preservation duty attached. Accordingly, because the answer to this inquiry is "no," the Court proceeds no further in the analysis under Rule 37(e), and Plaintiff's motion for spoliation sanctions must be denied. *Living Color*, 2016 WL 1105297, at *4.

### IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion for Sanctions for Spoliation of Evidence (Doc. 29) is DENIED without prejudice.

**ORDERED** in Tampa, Florida, on July 23, 2025.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE