UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE ANN SABANSKI,

    Plaintiff,

v.                                                              Case No. 8:24-cv-844-WFJ-SPF

ULTA SALON, COSMETICS &
FRAGRANCE INC., d/b/a ULTA
BEAUTY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment. (Doc. 34). Defendant Ulta Salon, Cosmetics & Fragrance Inc. d/b/a Ulta Beauty (Ulta) filed a response to Plaintiff's motion. (Doc. 36). For the reasons explained below, Plaintiff's motion is denied.

On December 3, 2022, Plaintiff slipped and fell at an Ulta store located in Clearwater, Florida. (Doc. 1). Plaintiff filed this suit in Florida state court in March 2023 and Ulta removed the case to this Court shortly thereafter. (*Id.*). The Court entered a Case Management and Scheduling Order (CMSO) in May 2024 that set out, *inter alia*, the Court's summary judgment procedures. (Doc. 16). In relevant part, the CMSO states:

> Prior to filing a motion for summary judgment, the moving party shall confer in good faith with the party or parties against who summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant shall file a separate "Statement of Undisputed

> Facts" (not exceeding 20 pages in length), with citations to the record, which shall accompany the motion for summary judgment.
>
> . . .
>
> A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

(*Id.* at 2-3). Ulta filed a motion for summary judgment on April 8, 2025, but did not confer with Plaintiff about narrowing the factual issues and did not contemporaneously file a separate certification about the outcome of such conferral. *See* (Docs. 32, 34, 36). Though Ulta included a section in its motion titled "Undisputed Material Facts," this was neither confirmed with Plaintiff nor a separate filing. (Doc. 32 at 1). On the same day the instant motion was filed, however, Ulta filed a notice detailing the parties' conferral efforts after Ulta's motion for summary judgment was filed and which material facts are disputed. (Doc. 35). Then, the next day, Plaintiff filed her response to Ulta's motion for summary judgment (Doc. 42) and her own statement of disputed facts in which she uses Ulta's statements of fact and provides a paragraph-by-paragraph explanation of whether Plaintiff disputes the fact and, if so, the grounds for the dispute (Doc. 41 at 1-3).

Plaintiff now asks the Court to strike Ulta's motion for summary judgment for failing to comply with the Court's CMSO (Doc. 34), and Ulta responds that it has since cured the defects (Doc. 36). While it is undisputed that Ulta failed to comply with the CMSO, it cured such defects with its supplemental filing. And judicial efficiency counsels in favor of permitting the motion to stand because the Court can mostly ascertain the parties' positions. *See* Fed. R. Civ. P. 16(f)(1)(C) (stating that a court "may" issue an order where a party fails to comply with a scheduling order). Therefore, the Court finds that striking Ulta's motion for summary judgment is unwarranted.

However, there are some discrepancies between which the facts Plaintiff disputed during conferral and the facts she disputes in her response. *Compare* (Doc. 35) *with* (Doc. 41). Plaintiff did not address this matter in her response. Accordingly, Plaintiff is directed to file a notice with the Court **no later than September 11, 2025**, stating whether she intends to rely upon the disputed facts identified in Ulta's supplemental filing (Doc. 35) or those in her response (Doc. 41). The Court will not entertain any additional information, argument, or factual or legal citations from either party at this juncture.

Accordingly, it is ORDERED that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. 34) is DENIED.

**ORDERED** in Tampa, Florida, on September 4, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE