HellUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE ANN SABANSKI,

    Plaintiff,

v.                                                                             Case No. 8:24-cv-844-WFJ-SPF

ULTA SALON, COSMETICS &
FRAGRANCE INC., d/b/a ULTA
BEAUTY,

    Defendant.
_____/

## ORDER

    Before the Court is Defendant Ulta Salon, Cosmetics & Fragrance Inc. d/b/a Ulta Beauty's Motion to Strike Plaintiff's Untimely Served Expert Witness List. (Doc. 45). Plaintiff Sue Ann Sabanski filed a response in opposition to Defendant's motion. (Doc. 46). For the reasons explained below, Defendant Ulta Salon, Cosmetics & Fragrance Inc. d/b/a Ulta Beauty's (Ulta) motion is denied without prejudice.

    On December 3, 2022, Plaintiff slipped and fell at an Ulta store located in Clearwater, Florida. (Doc. 1). Plaintiff filed this suit in Florida state court in March 2023 and Ulta removed the case to this Court shortly thereafter. (*Id.*). Plaintiff was directed to disclose her expert witness list by November 7, 2024. (Docs. 16, 19). She complied with that deadline and disclosed that Dr. George H. Canizares, an orthopedic surgeon, would be Plaintiff's expert witness. (Docs. 45, 45-1). Discovery ended on March 8, 2025, during which Plaintiff produced her medical records to Ulta pursuant to a request for production. (Docs. 16, 28, 46). Then, on June 2, 2025, Plaintiff served Ulta with a new expert witness list (hereinafter, June 2 Expert Witness List) that included Dr. Canizares and three additional experts: Dr.

Scott Schoedler, Dr. Monica L. Roca, and Dr. Milind D. Patel. (Docs. 45, 45-3). These treating doctors are radiologists meant to testify about Plaintiff's post-accident imaging. (Doc. 45-3).

Ulta now seeks to strike Plaintiff's June 2 Expert Witness List under Federal Rules of Civil Procedure 12 and 37 based on the additions of Drs. Schoedler, Roca, and Patel. (Doc. 45). Plaintiff counters that Ulta received notice of the possibility that these three physicians could be called as witnesses because their names are in the medical records Plaintiff produced to Ulta during discovery. (Doc. 46).

A motion to strike under Rule 12(f) or a request to strike under Rule 37 of the Federal Rules of Civil Procedure apply only to "pleadings." *See* Fed. R. Civ. P. 12(f); 37(b)(2)(A)(iii). Pleadings are defined as: "1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7. Since expert witness lists are not pleadings as defined by the Rules, Ulta's request to strike the June 2 Expert Witness List is improper.[1] Ulta's motion is therefore denied without prejudice. *See Santana v. Telemundo Network Grp.*, 2022 WL 22873134, at *18 (M.D. Fla. Mar. 10, 2022) (denying a motion to strike under Rule 12(f) because "any such request is improper because Rule 12(f) applies to pleadings alone") (citing *Holyoak v. United States,* 2009 WL 1456742, at* 1 (D. Ariz. May 21, 2009); *Weiss v. PPG Indus.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993)).

---

[1] Indeed, after filing the instant motion, Ulta filed a motion in limine seeking essentially the same relief: to exclude or limit the testimony of Drs. Schoedler, Roca, and Patel. (Doc. 53). Nothing in this Order shall be construed as offering an opinion on the merits of Ulta's motion in limine.

Accordingly, it is ORDERED that Defendant Ulta Salon, Cosmetics & Fragrance Inc. d/b/a Ulta Beauty's Motion to Strike Plaintiff's Untimely Served Expert Witness List (Doc. 45) is DENIED without prejudice.

**ORDERED** in Tampa, Florida, on September 4, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE