UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE ANN SABANSKI,

    Plaintiff,

v.                                            Case No. 8:24-cv-844-WFJ-SPF

ULTA SALON, COSMETICS
& FRAGRANCE, INC. d/b/a
ULTA BEAUTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS

Before the undersigned is Defendant Ulta Salon, Cosmetics, & Fragrance, Inc. d/b/a Ulta Beauty's ("Defendant") Motion for Summary Judgment ("Motion") (Doc. 32), Sue Ann Sabanski's ("Plaintiff") response in opposition (Docs. 41, 42), and Defendant's reply to Plaintiff's response (Doc. 43). For the reasons set forth below, the undersigned recommends that Defendant's Motion be granted.

## STANDARD

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show there is no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) and (c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is material if it may affect the outcome of the case under the governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact

is "genuine" if the evidence is such that a reasonable jury could decide an issue of material fact for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence," which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver,* 836 F.2d 1560, 1563 (11th Cir. 1989)). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 252).

## BACKGROUND

On December 3, 2022, Plaintiff slipped and fell at a salon in Defendant's store located in Clearwater, Florida ("Store" or "Salon"). (Doc. 31-2 at 11:16-18; 15:20-23, 44:6-9); (Doc. 32 at 1, ¶1); (Doc. 41 at 1, ¶1). She was visiting the Salon for a haircut and to have a glaze applied. (Doc. 31-2 at 44:6-9, 46:25-47:1-20). Plaintiff attended hair appointments at the Salon every six to eight weeks for approximately ten years and had never before fallen. (*Id.* at 44:18-25, 45:1, 61:25, 62:1-5). Plaintiff's stylist in the past was Denise Clapper ("Ms.

Clapper"), but her appointment was with Jessica Pawloski ("Ms. Pawloski") on the day of the accident. (*Id.* at 44:6-23).

On the day Plaintiff fell, Ms. Pawloski cut Plaintiff's hair at Ms. Pawloski's station, and then Plaintiff moved to the shampoo room for Ms. Pawloski to apply the glaze, which was approximately fifteen to twenty feet away and separated by a walkway made of white tile. (Doc. 31-3 at 31:9-32:8). While the glaze was processing, Ms. Pawloski wrapped Plaintiff's hair in a towel after Plaintiff asked to get her phone from Ms. Pawloski's station.[1] (Doc. 31-2 at 78:12-21, 112); (Doc. 31-3 at 31:11-32:19, 51:24-25, 52:1-2). When Plaintiff began walking back to the shampoo area from Ms. Pawloski's station after collecting her phone, she fell in the walkway. (Doc. 31-2 at 52:12-22). Plaintiff "believe[d] there was something sticky was on the ground" that held the sole of her shoe, causing her to fall. (*Id.* at 55:7-13). She did not see or otherwise feel anything on the floor when she fell. (*Id.* at 56:3-25, 57:1-9). During a prior appointment on an unspecified date, Plaintiff agreed with Ms. Clapper that "there [was] something sticky on the floor." (*Id.* at 62:6-22). Plaintiff also stated that, since it was "a beauty salon, at any point, there is a number of things that are on the floor." (*Id.* 61:17-24)

Ms. Pawloski and Store managers Stacey Faulkner and Sharlene Monette heard Plaintiff fall or were made aware soon after it happened, but they did not see it. (Doc. 31-3 at 34:9-25, 35:1-13); (Doc. 31-4 at 36:13-15); (Doc. 31-5 at 44:25-45:3). When they saw Plaintiff after she fell, she was lying on the floor in the walkway. (Doc. 31-3 at 35:1-9); (Doc. 31-4 at 55:15-18); (Doc. 31-5 at 17:21-24). Ms. Pawloski and Ms. Faulker did not see any

---

[1] Plaintiff testified that she left the shampoo room because Ms. Pawloski asked her to free up one of the shampoo chairs for another client, (Doc. 31-2 at 51:20-7), however this is immaterial and Plaintiff does not dispute Ms. Pawloski's testimony at this juncture, (Doc. 41 at 2).

substance on the floor or on Plaintiff's clothing. (Doc. 31-3 at 37:15-17, 47:18-48:2, 54:21-25); (Doc. 31-4 at 44:2-21). Ms. Faulkner, who had been at the Store for several years, did not remember there being a slip-and-fall prior to Plaintiff's accident. (Doc. 31-4 at 52:21-53:1).

Defendant enlisted a third-party cleaning service that, among other things, cleaned the floors twice per week, including wet mopping. (Doc. 31-4 at 30:16-23, 31:14-32:4). The service completed the work in the mornings before the Store opened, but the days on which they cleaned varied. (*Id.* at 30:16-31:1). During operating hours, all Store employees[2] were responsible for identifying and cleaning up spills and substances on the floor, but there were no employees designated for this task and the Store did not schedule regular inspections of the floor or track when a spill was cleaned up or identified. (*Id.* at 26:13-27:18). If a substance was found, the employee stood near it to warn customers and asked other employees for assistance with cleaning up the spill. (*Id.* at 25:10-26:24); (Doc. 31-5 at 42:13-4). Store employees were also supposed to dry mop the floors every night but not wet mop. (Doc. 31-4 at 32:7-24). The stylists were additionally expected to sweep the floors of the Salon during and/or after each appointment. (Doc. 31-3 at 18:23-20:6); (Doc. 31-4 at 33:6-34:10). During the onboarding process, Defendant trained employees on slip-and-fall protocol and spill prevention and cleaning and Store employees had access to a binder which detailed these procedures. (Doc. 31-5 at 24:25-27:13, 28:15-24, 44:2-17). As a result of her slip-and-fall, Plaintiff suffered injuries to her knee, face, and ribs. (Doc. 31-2 at 57:20-58:25). Plaintiff then

---

[2] When the undersigned uses "employees," it is a reference to all staff at the Store. When necessary, "stylist" or "stylists" are used, which refers to the subset of employees who only work in the Salon. *See* (Doc. 31-5 at 37:2-18).

sued Defendant for negligence in Florida state court, and Defendant removed the action to this Court on April 4, 2024. (Doc. 1).

## DISCUSSION

To establish a claim of negligence under Florida law[3], Plaintiff must allege: (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *See Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Curd v. Mosaic Fertilizer, L.L.C.,* 39 So.3d 1216, 1227 (Fla. 2010) (quotation marks omitted)). In Florida, to establish that a business breached its duty, a person who "slips and falls on a transitory foreign substance in a business establishment . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Under Section 768.0755, "[c]onstructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." *Id.* § 768.0755(1)(a)–(b). As to the first prong, circumstantial evidence must "give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence." *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So.2d 302, 306 (Fla. 1973). Indicators of the passage of time include "dirt, scuffing, or tracks in a substance." *Woods v. Winn Dixie Stores, Inc.*, 621 So.2d 710, 711 (Fla. Dist. Ct. App. 1993). However, "the mere presence of [a substance] on the floor is not

---

[3] Plaintiff's negligence claim arises under Florida law, which is the substantive law federal courts apply in diversity cases. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015).

enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So.3d 1087, 1090 (Fla. Dist. Ct. App. 2011).  As to the second prong, circumstantial evidence must give rise to the inference that the "condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(b).

Here, because Plaintiff does not claim that Defendant had actual knowledge of the sticky substance that stuck to her shoe, Plaintiff needs to prove that Defendant had constructive knowledge.  Viewing the evidence in a light most favorable to Plaintiff, she is unsuccessful.

The facts described above are not disputed, but absent are specific facts concerning the length of time that the sticky substance was on the floor.  Plaintiff asserts that Defendant's constructive knowledge can be inferred from a failure to inspect the Store's floors based on Defendant having "no type of formal inspections[,]" Defendant training employees on "slip and fall protocol[,]"employees did not wet mopping the floors, and the "cleaning company only [coming] two times per week." (Doc. 42 at 4).  This is, however, insufficient.

"An inference must be 'reasonable' to defeat a motion for summary judgment."[4] *Pussinen v. Target Corp.*, 731 F. App'x 936, 938 (11th Cir. 2018) (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)).[5] "A reasonable inference is one that a 'reasonable and fair-minded person in the exercise of impartial judgment might draw from the evidence.'" *Id.* (quoting *Daniels*, 692 F.2d at 1326).  While "reasonable inferences may rest

---

[4] While Florida law is the substantive law, "the propriety of summary judgment" is decided "'in accordance with the federal standards fixed in Rule 56[ ]'" of the Federal Rules of Civil Procedure. *Pussinen v. Target Corp.*, 731 F. App'x 936, 938 (11th Cir. 2018) (quoting *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969)).

[5] The undersigned notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (citing 11th Cir. R. 36-2). Where cited herein, any unreported decision of the Circuit is considered well-reasoned and is offered as persuasive, not binding, authority.

in part on conjecture, . . . a jury cannot be 'allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility.'" *Id.* (quoting *Daniels*, 692 F.2d at 1326). This is because the finding would not be "'based on the evidence.'" *Id.* (quoting *Daniels*, 692 F.2d at 1326).

Here, no one testified—not even Plaintiff—to seeing the sticky substance, so there is no evidence that attests to whether there was "dirt, scuffing, or tracks" in the sticky substance. *Woods*, 621 So.2d at 711. Even if the Court construed the evidence here to mean there was no inspection within a reasonable time before Plaintiff's fall, this alone is not enough. *Miller v. Big C Trading, Inc.*, 641 So.2d 911, 912 (Fla. Dist. Ct. App. 1994) (citation omitted).

While evidence that no inspection occurred "during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough" that a store should have known, *Brooks v. Phillip Watts Enters., Inc.*, 560 So. 2d 339, 341 (Fla. Dist. Ct. App. 1990), "the fact [that] there was no inspection for a given length of time in [and of] itself provides no proof that the [hazard] was actually there for a sufficient period to place a landowner on reasonable notice of its existence." *Miller*, 641 So.2d at 912. Ultimately, "[w]hen the facts are carefully analyzed, there is no proof, either direct or circumstantial that would give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge [Defendant] with constructive knowledge of its presence." *Montgomery*, 281 So. 2d at 306 (citations omitted).

Concerning whether a sticky floor was an occurrence of such frequency that Defendant was on notice as to the condition, the answer is the same. Plaintiff speculated that she expected "a number of things" to be on the floor of a beauty salon "at any point," and there was only one unspecified date in the ten years of regular appointments where she found the

Salon floor to be sticky. This "string of assumptions does not satisfy [Plaintiff's] burden to present evidence that the condition leading to her fall 'occurred with regularity.'" *Pussinen*, 731 F. App'x at 938. Ms. Faulkner also testified that, in her years as store manager, she did not believe there had ever been a slip and fall. In sum, the record lacks any evidence from which a reasonable jury could conclude that the floor was sticky with such frequency to charge Defendant with constructive knowledge.

The cases cited by Plaintiff, (Doc. 42 at 4), support this conclusion. In *McCarthy v. Broward College*, the court, using a prior version of Florida's summary judgment standard, determined that summary judgment was appropriate where a "stacking of inferences" would have been required since the plaintiff "was unable to identify the liquid in the elevator, determine how long it had been there, or establish if anyone at Broward College had actual or constructive notice of its presence." 164 So. 3d 78, 81 (Fla. Dist. Ct. App. 2015), *superseded by rule as stated in Gromann v. Avatar Prop. & Cas. Ins. Co.*, 345 So. 3d 298 (2022). And, the court in *Brooks v. Phillip Watts Enterprises, Inc.*, only reversed the grant of summary judgment to a business because the evidence showed that 1) the plaintiff saw and felt wetness on the floor and employee testimony supported these observations, 2) the last time the area of the plaintiff's fall had been inspected was approximately thirty minutes to an hour prior to the accident, and 3) the business had not followed its general practice of putting cones and warnings signs in front the store on rainy days. 560 So. 2d at 341-42. Finally, in *Felder v. Sam's East, Inc.*, an inference could impute constructive knowledge on a store where a photo could be interpreted by a jury "as showing that the water was dirty and partially dried," and testimony suggested that the area of the accident had not been inspected for "an hour or more before the fall." 2024 WL 4430482, at *2-3 (11th Cir. Oct. 7, 2024).

Finally, in Plaintiff's response, she once again attempts to establish that Defendant engaged in spoliation when the video recording of Plaintiff's fall was not produced. (Doc. 41 at 5-8). As the undersigned explained in two prior Orders, (Docs. 47, 63), Plaintiff failed to establish that the video still existed at the time Defendant reasonably anticipated litigation. The Court should not revisit its two prior Orders here.

In sum, Defendant is entitled to summary judgment as a matter of law on Plaintiff's negligence claim because she failed to identify sufficient information to create a genuine issue of material fact as to whether Defendant had constructive notice of the sticky substance.[6]

## CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 31) be GRANTED.

**IT IS SO REPORTED** in Tampa, Florida, on October 3, 2025.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[6] To the extent Plaintiff argues that she is unable to provide this proof without the video recording, which is now lost, such allegation does not change the undersigned's recommendation. Under Rule 37(e), the Court is not required to consider whether Plaintiff was prejudiced by the loss of the video unless the threshold requirements are met and, here, they are not. *Living Color Enters., Inc.*, 2016 WL 1105297, at *4. The undersigned also notes that it is unclear whether Plaintiff determined that the information contained in the video was unavailable from other sources.

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.