UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUE ANN SABANSKI**,

    Plaintiff,

v.                                                          Case No. 8:24-cv-844-WFJ-SPF

**ULTA SALON, COSMETICS
& FRAGRANCE, INC. d/b/a
ULTA BEAUTY**,

    Defendant.
_____/

## **ORDER**

      Before the Court is Defendant Ulta Salon, Cosmetics, & Fragrance, Inc. d/b/a Ulta Beauty's ("Defendant") Motion for Summary Judgment ("Motion"), Dkt. 32, Sue Ann Sabanski's ("Plaintiff") response in opposition, Dkts. 41, 42, and Defendant's reply to Plaintiff's response, Dkt. 43. United States Magistrate Judge Flynn issued a Report and Recommendation ("Report") that the motion be granted and that summary judgment be entered in favor of Defendant and against Plaintiff regarding Plaintiff's sole claim of negligence. Dkt. 64. Plaintiff filed a timely objection, Dkt. 65, and Defendant filed its response to Plaintiff's objection, Dkt. 68.

1

Additionally, before the Court is Plaintiff's Motion for Reconsideration, Dkt. 51, and Judge Flynn's denial of this motion, Dkt. 63. Plaintiff filed a timely objection, Dkt. 66, and Defendant filed its response to Plaintiff's objection, Dkt. 68.

## LEGAL STANDARD

Regarding Plaintiff's objection to the Report, Dkt. 65, when a party makes timely and specific objections to a report and recommendation of a magistrate judge, a district judge shall conduct a *de novo* review of the portions of the record to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the Court may accept, reject, or modify the magistrate judge's Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem. Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Regarding Plaintiff's objection to the order denying Plaintiff's Motion for Reconsideration, Dkt. 66, when a party makes timely objections to a non-dispositive order by a magistrate judge, the "district judge in the case must consider [such] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if 'the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed.'" *Jackson v. U.S.*, No. 8:16-CV-3497-T-36JSS, 2017 WL 4297324, at *1 (M.D. Fla. June 7, 2017) (quoting *Krys v.*

*Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997)). The "clearly erroneous or contrary to law" standard is "extremely deferential." *Jackson v. U.S.*, 2017 WL 4297324, at *1 (citation omitted).

## DISCUSSION

### I.    Objection to Report & Recommendation

In her objection to the Report, Plaintiff argues, without reference to case law, that the Magistrate Judge should have denied Defendant's Motion for Summary Judgment due to evidence of spoliation. Dkt. 65. This argument has been repeatedly raised by Plaintiff and repeatedly addressed by the Magistrate Judge. Dkt. 64 at 9 ("[I]in Plaintiff's response, she once again attempts to establish that Defendant engaged in spoliation when the video recording of Plaintiff's fall was not produced. (Doc. 41 at 5-8). As the undersigned explained in two prior Orders, (Docs. 47, 63), Plaintiff failed to establish that the video still existed at the time Defendant reasonably anticipated litigation. The Court should not revisit its two prior Orders here."). The Court likewise adopts and refers Plaintiff to Judge Flynn's two prior orders, which provide a thorough and well-reasoned analysis regarding the issue of spoliation. Dkts. 47, 63. Plaintiff's objections to the Report are therefore overruled.

Alternatively, Plaintiff argues that the Magistrate Judge's orders, Dkts. 47, 63 were improper because a magistrate judge ruled on allegedly dispositive issues. Dkt.

65 at 2. As this argument is foundational to Plaintiff's second objection, it will be discussed in the following section.

## II.   Objection to Order Denying Motion for Reconsideration

In her objection to the order denying Plaintiff's Motion for Reconsideration, Plaintiff argues, without reference to case law, that both the order denying Plaintiff's Motion for Sanctions for Spoliation of Evidence, Dkts. 29, 47, and the order denying Plaintiff's Motion for Reconsideration, Dkts. 51, 63, improperly ruled on dispositive issues.

Regarding the order denying Plaintiff's Motion for Sanctions, Dkts. 29, 47, the critical factor in determining whether the issue was dispositive "is what sanction the magistrate judge *actually imposes*, rather than the one *requested* by the party seeking sanctions." *QBE Ins. Corp. v. Jorda Enters.*, 280 F.R.D. 694, 694 n.2 (S.D. Fla. 2012) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995)). Here, Judge Flynn denied the Motion for Sanctions and therefore refused to impose a default judgment. Dkt. 47. The Court finds this issue to be non-dispositive per Rule 72(a), as no sanction was imposed and thus no claim or defense was disposed of. *See* Fed. R. Civ. P. 72(a) (stating a magistrate judge may properly enter a written order resolving any "pretrial matter not dispositive of a party's claim or defense"); *see also Gomez*, 50 F.3d at 1519–20 ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a

dispositive sanction the order falls under [non-dispositive] Rule 72(a) rather than [dispositive] Rule 72(b)"); *King v. Akima Global Servs.*, 323 F.R.D. 403, 408 (S.D. Fla. 2017) ("[M]agistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses, or generate litigation-ending consequences."). Because this was an order ruling on a non-dispositive issue, Dkt. 47, and Plaintiff failed to object to this order within 14 days, Plaintiff waived the right to object to this order under Rule 72(a) as of August 7, 2025. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [non-dispositive] order within 14 days after being served with a copy."). The Court thus declines to consider this objection. Plaintiff's objections to the order denying Plaintiff's Motion for Sanctions are therefore overruled.

Regarding the order denying Plaintiff's Motion for Reconsideration, Dkt. 51, 63, the Magistrate Judge denied the motion because Plaintiff "failed to prove that the Court committed clear error or manifest injustice in denying her motion for sanctions without prejudice." Dkt. 63 at 7. Specifically, this motion was denied because "Plaintiff failed to establish that the video still existed when Defendant's duty to preserve was triggered." Dkt. 63 at 5. A mere injury occurring at a store was deemed insufficient to put a party on notice that litigation was reasonably foreseeable and that video evidence needed to be preserved. *Id.* at 6; *see Nguyen v. Costco Wholesale Corp.*, 2020 WL 413898, at *3 (S.D. Fla. Jan. 27, 2020)

5

("[M]erely because Plaintiff Chi Nguyen fell at Defendant's store, absent additional facts, does not mean that Defendant reasonably anticipated litigation on the date of the alleged fall."); *see also Plymale v. Cheddars Casual Café Inc.*, No. 7:20-CV-102 (WLS), 2022 WL 988313, at *5 (M.D. Ga. Mar. 31, 2022) (quotations omitted) ("[A]n injury, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation."). The order denying Plaintiff's Motion for Reconsideration was not "clearly erroneous" or "contrary to law," Dkt. 63; Fed. R. Civ. P. 72(a), as the Court finds that this order rules on a non-dispositive issue in a thorough and well-reasoned manner, not causing a "definite and firm conviction that a mistake has been committed." *Krys*, 119 F.3d at 1523. Plaintiff's objections to the order denying Plaintiff's Motion for Reconsideration are therefore overruled.

## CONCLUSION

For the reasons explained in both the Report and Recommendation, Dkt. 64, and the order denying Plaintiff's Motion for Reconsideration, Dkt. 63, in conjunction with an independent and *de novo*, thorough examination of the file, the Court rules as follows:

1. The Report and Recommendation of United States Magistrate Judge Flynn, Dkt. 64, is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and made a part of this order.

2. Defendant's Motion for Summary Judgment, Dkt. 32, is **GRANTED**.

3. The Clerk is **DIRECTED** to enter final summary judgment in favor of Defendant Ulta Salon, Cosmetics, & Fragrance, Inc. d/b/a Ulta Beauty and against Plaintiff Sue Ann Sabanski.

4. Plaintiff's objections, Dkts. 65, 66, are **OVERRULED**.

5. The Clerk is directed to **TERMINATE** all pending motions and deadlines and to **CLOSE** the case.

**DONE AND ORDERED** in Tampa, Florida, on October 28, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record